UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

SANDY SMITH, JR.     CIVIL ACTION NO. 08-cv-0558

VERSUS     JUDGE HICKS

STEVE PRATOR, ET AL     MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Sandy Smith, Jr. ("Plaintiff") filed this civil rights action against officials with the Caddo Correctional Center. Plaintiff complains that his civil rights were violated in connection with his requests for dental care.

Plaintiffs filed a **Motion to Compel Discovery (Doc. 33)** and a **Motion for Default Judgment (Doc. 35)**. The Motion to Compel represents that Plaintiff served interrogatories on defense counsel on approximately May 18, 2009, and the defendants did not serve responses within the permitted 30 days from service. The Motion for Default Judgment complains about the interrogatories as well as an asserted lack of response to a request for production of documents. Plaintiff asks that the court enter a default judgment for $400,000.

Defendants filed a short memorandum in opposition in which they represented that they have now responded to the discovery requests, although they do not reveal the date on which their responses were served. Defendants also complain that Plaintiff did not communicate with them regarding the discovery issues before he filed his motions. Plaintiff

filed a reply memorandum in which he took issue with aspects of the memorandum in opposition.

It appears that Defendants did wait until beyond the 30 days permitted to serve responses to the discovery requests. Plaintiff was then obligated to, before filing a motion to compel, in good faith confer or attempt to confer with defense counsel in an effort to resolve the matter without the need for court action. See Fed. R. Civ. Proc. 37(a)(1) and Local Rule 37.1W. The local rule's requirement of a conference in person or by telephone is relaxed in prisoner cases to allow written communications to suffice, but the court still expects good faith efforts to resolve discovery disputes before a motion to compel is filed. At the same time, Defendants should file a motion for extension of time if they are unable to serve responses within the time permitted by the rules. The court grants almost all reasonable requests for extension of time, and such a request in this case would have likely prevented the filing of two motions. Plaintiff now has the responses to his discovery requests, and he suffered no prejudice from the brief delay, so both motions are **denied**.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 12th day of August, 2009.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE