UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

---

| | |
|---|---|
| SANDY SMITH, JR. | CIVIL ACTION NO. 08-558 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| STEVE PRATOR, ET AL. | MAGISTRATE JUDGE HORNSBY |

---

## MEMORANDUM ORDER

Sandy Smith, Jr. ("Plaintiff"), appearing *pro se*, filed a Motion to Compel Discovery [Record Document 33] and a Motion for Default Judgment [Record Document 35] complaining about the defendants' untimely response to interrogatories and asserted lack of response to a request for production of documents. Plaintiff asked the Court to enter a default judgment against the defendants in the amount of $400,000. Finding Plaintiff had subsequently received the responses to his discovery requests and that he suffered no prejudice from the delay, the Magistrate Judge denied both motions. See Record Document 39. Plaintiff now appeals the Magistrate Judge's August 12, 2009 Order denying those motions. See Record Document 43.

Rule 37(b)(2)(A) of the Federal Rules of Civil Procedure provides, in pertinent part:

> (A) <u>For Not Obeying a Discovery Order</u>. If a party or a party's officer, director or managing agent—or a witness designated under Rule 30(b)(6) or 31(a)(4)—fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:
>
> * * *
>
> (iv) rendering a default judgment against the disobedient party.

Fed. R. Civ. P . 37(b)(2)(A)(iv).

As the Fifth Circuit has explained, the sanction of default judgment is a "draconian" penalty and should be imposed only as a remedy of last resort.  See United States v. Smith, 2009 WL 144904, *4 (W.D.La. Jan. 20, 2009); see also, F.D.I.C. v. Conner, 20 F.3d 1376, 1380 (5th Cir. 1994).  Before a district court may render a default judgment as a discovery sanction, two criteria must be met: (1) "the penalized party's discovery violation must be willful," and (2) "the drastic measure is only to be employed where a lesser sanction would not substantially achieve the desired deterrent effect."  United States v. $49,000 Currency, 330 F.3d 371, 376 (5th Cir. 2003).  The district court may also consider whether the discovery violation prejudiced the opposing party's preparation for trial.  Id.

In the instant matter, even if the Court were to assume *arguendo* that the Defendants' admitted delay in responding to Plaintiff's discovery request was "willful," a default judgment is not necessary to "substantially achieve the desired deterrent effect." Plaintiff's preparation for trial has not been prejudiced by the Defendants' brief delay in responding to Plaintiff's discovery requests.  In fact, because no Scheduling Order has been entered, this matter has not been set for trial and there are no discovery deadlines pending.  Furthermore, Rule 37(a)(1)  requires the movant to, before filing a motion to compel, in good faith confer or attempt to confer with defense counsel in an attempt to resolve the matter without the need for court action.  See Fed. R. Civ. P. 37(a)(1).  Here, Plaintiff made no such attempt.  See Record Document 37.

Accordingly, finding that the Magistrate Judge properly denied Plaintiff's Motion to Compel and Motion for Default Judgment, **IT IS ORDERED** that the Magistrate Judge's

August 12, 2009 Order denying such motions [Record Document 39] be and is hereby **AFFIRMED**.

      **THUS DONE AND SIGNED** in Shreveport, Louisiana on this 16th day of November, 2009.

                                                                        _____
                                                                            S. MAURICE HICKS, JR.
                                                                UNITED STATES DISTRICT JUDGE